United States Court of Appeals for the Second Circuit

| | | |
|---|---|---|
| Cianbro Corporation/Travelers Casualty and Surety Co. | ) | |
| *Petitioner* | ) | |
| v. | ) | Petition for Review |
| Benefits Review Board | ) | |
| *Respondent* | ) | |

    **Cianbro Corporation/Travelers Casualty and Surety Co.** ,hereby petition the court for review of the Order of the Benefits Review Board denying the petitioner's applicant for relief from the Special Fund under 33 U.S.C. Secion 908(f), entered on the 16th day of December, 2014.

_____
Zachary M. Delaney, Esq.
Pomeranz, Drayton & Stabnick
95 Glastonbury Blvd. Suite 216
Glastonbury, CT 06033

| | | |
|---|---|---|
| U.S. Department of Labor | Benefits Review Board<br>P.O. Box 37601<br>Washington, DC 20013-7601 |  |

BRB No. 14-0149

KEITH S. DAWLEY )
)
    Claimant )    **NOT PUBLISHED**
)
)
    v. )
)
CIANBRO CORPORATION )
)
    and )    DEC 16 2014
)
TRAVELERS CASUALTY AND )   DATE ISSUED: _____
SURETY COMPANY )
)
    Employer/Carrier- )
    Petitioners )
)
DIRECTOR, OFFICE OF WORKERS' )
COMPENSATION PROGRAMS, )
UNITED STATES DEPARTMENT OF )
LABOR )
)
    Respondent )   DECISION and ORDER

Appeal of the Decision and Order Awarding Benefits and Denying Special Fund Relief and the Order Denying Respondents' Motion for Reconsideration of Colleen A. Geraghty, Administrative Law Judge, United States Department of Labor.

Michael J. McAuliffe (Pomeranz, Drayton & Stabnick), Glastonbury, Connecticut, for employer/carrier.

Eirik J. Cheverud (M. Patricia Smith, Solicitor of Labor; Rae Ellen James, Associate Solicitor; Mark A. Reinhalter, Counsel for Longshore), Washington D.C., for the Director, Office of Workers' Compensation Programs, United States Department of Labor.

Before: HALL, Acting Chief Administrative Appeals Judge, McGRANERY and BOGGS, Administrative Appeals Judges.

PER CURIAM:

Employer appeals the Decision and Order Awarding Benefits and Denying Special Fund Relief and the Order Denying Respondents' Motion for Reconsideration (2013-LHC-00498) of Administrative Law Judge Colleen A. Geraghty rendered on a claim filed pursuant to the provisions of the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. §901 *et seq.* (the Act). We must affirm the administrative law judge's findings of fact and conclusions of law if they are supported by substantial evidence, are rational, and are in accordance with law. 33 U.S.C. §921(b)(3); *O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc.*, 380 U.S. 359 (1965).

In December 2010, claimant, employer, and another employer, Mohawk Northeast, filed a joint stipulation with Administrative Law Judge Daniel F. Sutton agreeing to settle claimant's claim for a work-related pulmonary injury, lung cancer or, alternatively, chronic obstructive pulmonary disease, manifest as of March 2009.[1] The parties agreed that the two employers would each pay claimant $5,000 for claimant's lung injury; however, the agreement did not preclude claimant from filing a future claim were he to sustain an increased injury due to a new exposure.[2] Judge Sutton approved the stipulations under Section 8(i) of the Act, 33 U.S.C. §908(i), on December 29, 2010. Decision and Order Approving Settlement (2010-LHC-00665). Because claimant continued to work and to be exposed to injurious stimuli, he filed a new claim for benefits related to his worsening lung condition. Employer filed an application for Section 8(f), 33 U.S.C. §908(f), relief on October 22, 2012, and the district director denied the motion on November 29, 2012. Employer submitted a revised application for Section 8(f) relief with Administrative Law Judge Geraghty (the administrative law judge) in May 2013.

In June 2013, claimant and employer filed with the administrative law judge signed stipulations, reaching an agreement for additional benefits for claimant's worsened lung condition, identified as COPD or occupational asthma. Specifically, the parties agreed that claimant's lung condition reached maximum medical improvement on

---

[1] Claimant worked for Mohawk from July 19, 1988, through March 3, 2007, and from April 2, 2007, through March 18, 2009. Thereafter, claimant worked, and continues to work, for employer. On March 20, 2009, claimant underwent a lobectomy to remove a malignant mass from the upper lobe of his right lung. Due to an extended surgery, claimant suffered a "frozen shoulder" and had to undergo a right shoulder arthroscopy and release in August 2009.

[2] The stipulations also referenced claimant's receipt of $72,904.80 for a permanent lung condition under the Connecticut Workers' Compensation Act.

2

September 4, 2010, and caused a loss in wage-earning capacity. On June 25, 2013, employer submitted its brief in support of its application for Section 8(f) relief. Essentially, employer argued that claimant's pre-existing permanent partial disability is his asthma which was manifest to employer because he was being treated for it between 2006 and 2008. Employer then asserted that claimant's disabling lung condition is materially and substantially greater than it would have been without the pre-existing condition.

Based on the parties' stipulations, the administrative law judge awarded claimant on-going permanent partial disability benefits pursuant to Section 8(c)(21) of the Act, 33 U.S.C. §908(c)(21), and medical benefits for his work-related pulmonary condition. Decision and Order at 5, 7. However, the administrative law judge denied employer's application for Section 8(f) relief. She found that, although employer established claimant had a pre-existing permanent partial disability that was manifest to employer, employer did not establish that claimant's disability is materially and substantially greater than it would have been absent the pre-existing condition. *Id.* at 6-7. The administrative law judge denied employer's motion for reconsideration. Employer appeals the denial of Section 8(f) relief, and the Director, Office of Workers' Compensation Programs (the Director), responds, urging affirmance.

An employer may be granted Special Fund relief, in a case where a claimant is permanently partially disabled, if it establishes that the claimant had a manifest, pre-existing permanent partial disability, and that the claimant's current permanent partial disability is not due solely to the subsequent work injury and "is materially and substantially greater than that which would have resulted from the subsequent work injury alone." 33 U.S.C. §908(f)(1);[3] *Marine Power & Equipment v. Dep't of Labor [Quan]*, 203 F.3d 664, 33 BRBS 204(CRT) (9th Cir. 2000). In order to satisfy the contribution element in a case involving a permanent partial disability, the employer must show, by medical or other evidence, that claimant's overall disability is materially and substantially greater than it would have been had the pre-existing condition never existed. *Louis Dreyfus Corp. v. Director, OWCP*, 125 F.3d 884, 31 BRBS 141(CRT) (5th Cir. 1997); *Director, OWCP [Ladner] v. Ingalls Shipbuilding, Inc.*, 125 F.3d 303, 31 BRBS

---

[3] Section 8(f)(1), 33 U.S.C. §980(f)(1), states in pertinent part:

In all other cases in which the employee has a permanent partial disability, found not to be due solely to that injury, and such disability is materially and substantially greater than that which would have resulted from the subsequent injury alone, the employer shall provide in addition to compensation under subsections (b) and (e) of this section, compensation for one hundred and four weeks only.

3

146(CRT) (5th Cir. 1997); *Ceres Marine Terminal v. Director, OWCP [Allred]*, 118 F.3d 387, 31 BRBS 91(CRT) (5th Cir. 1997). Because the administrative law judge found that claimant had a manifest, pre-existing disability, employer challenges only the finding that it failed to establish that claimant's disability is "materially and substantially greater" than it would have been absent the pre-existing lung condition.

In this case, employer submitted the opinions of Drs. Licata and Conway to show that claimant's pre-existing condition materially and substantially contributed to his current disability. Dr. Licata, claimant's treating physician, stated in a letter dated October 19, 2012, that claimant's overall impairment following his work injury is materially and substantially greater as a result of the pre-existing impairment than it would be from the work injury alone. Section 8(f) App. at exh. D. In a letter dated September 2, 2010, Dr. Conway stated that claimant had an obstructive lung disease which was temporarily exacerbated by every exposure to smoke, fumes, and gas. Although Dr. Conway stated claimant has a 35 percent impairment to each lung, he was unable to quantify each separate factor of the disabling lung condition. *Id.* at exh. C.

In addressing whether this evidence supports employer's claim of contribution, the administrative law judge found, initially, that employer never explicitly identified the "subsequent work injury" but she presumed it was work-related aggravations of claimant's pre-existing asthma. Decision and Order at 6. She found that Dr. Licata's opinion is entitled to little weight because it consisted of only one conclusory sentence; the administrative law judge found Dr. Licata did not identify the subsequent work injury or explain how claimant's overall condition is materially and substantially worse because of the prior injury. *Id.* at 6-7. Further, she found that the opinion of Dr. Conway, an independent medical examiner, is also insufficient to carry employer's burden. Although Dr. Conway stated that claimant's asthma was exacerbated by the subsequent work exposures, he did not state that claimant's overall condition was materially and substantially worse as a result of the pre-existing asthma, nor did he quantify the impairments to show a substantial difference. Accordingly, the administrative law judge denied the request for Section 8(f) relief as employer failed to establish the contribution element. *Id.* at 7.

In denying employer motion for reconsideration, the administrative law judge stated that the opinions of these doctors establish that claimant sustained a work-related second injury, aggravation of his pre-existing asthma, but do not establish that claimant's disability is materially and substantially worse because of the pre-existing asthma. Rather, the administrative law judge found that claimant's disability is due to the second injury, *i.e.*, the work-related aggravations of claimant's asthmatic condition, and that the two physicians did not address what claimant's disability would be without the pre-existing asthma. Thus, she stated that there is no way to compare degree of disability due to the work injury with the ultimate permanent partial disability. Recon. at 3. The

4

administrative law judge also noted that a "common sense" test for Section 8(f) relief has been rejected. Therefore, merely because claimant had pre-existing asthma does not mean that it, in conjunction with the work-related aggravations, necessarily caused a greater disability. *Id.* at n.2 (citing *Two "R" Drilling Co., Inc. v. Director, OWCP*, 894 F.2d 748, 23 BRBS 34(CRT) (5th Cir. 1990)).

We reject employer's contention that the administrative law judge's conclusion is erroneous. The administrative law judge is entitled to weigh the evidence of record. *Calbeck v. Strachan Shipping Co.*, 306 F.2d 693 (5th Cir. 1962), *cert. denied*, 372 U.S. 954 (1963); *John W. McGrath Corp. v. Hughes*, 289 F.2d 403 (2d Cir. 1961). Contrary to employer's contention, the administrative law judge need not give the opinion of a claimant's treating physician, here Dr. Licata, automatic controlling weight merely because of his status as "treating physician." Rather, the administrative law judge properly considered the underlying rationale of Dr. Licata's opinion, as well as the other medical evidence of record. *See Brown v. National Steel & Shipbuilding Co.*, 34 BRBS 195 (2001); *Director, OWCP v. Newport News Shipbuilding & Dry Dock Co. [Carmines]*, 138 F.3d 134, 32 BRBS 48(CRT) (4th Cir. 1998). The administrative law judge rationally found that Dr. Licata's conclusory statement did not explain how claimant's pre-existing condition played a contributory role in claimant's compensable disability. *See Richardson v. Newport News Shipbuilding & Dry Dock Co.*, 39 BRBS 74 (2005), *aff'd mem. sub nom. Newport News Shipbuilding & Dry Dock Co. v. Director, OWCP*, 245 F. App'x 249 (4th Cir. 2007). The administrative law judge also rationally found that merely stating that claimant's lung impairment is "materially and substantially greater than that which would have resulted from the work injury alone," without providing the rationale which supports the statement, is insufficient to meet employer's burden under Section 8(f). *See, e.g., Beckner v. Newport News Shipbuilding & Dry Dock Co.*, 34 BRBS 181 (2000). Further, as the administrative law judge found, although Dr. Licata's earlier reports establish the existence of claimant's lung cancer and obstructive lung disease, they do not establish that claimant's current disability is substantially greater due to those prior lung ailments. Similarly, it was reasonable for the administrative law judge to find that Dr. Conway's opinion does not establish the contribution element as she rationally found that his opinion regarding work-related exacerbations of claimant's underlying condition establishes that the work exposures are the primary cause of claimant's disability. As neither doctor's opinion establishes that claimant's overall disability is materially and substantially worse because of his pre-existing asthmatic condition, we affirm the administrative law judge's denial of Section 8(f) relief.[4]

---

[4] We reject employer's "policy argument" that it should be entitled to Section 8(f) relief because it retained a "high risk" employee. It is well established that the elements for Section 8(f) relief must be met with creditable evidence. *See generally Director, OWCP v. Bath Iron Works Corp. [Johnson]*, 129 F.3d 45, 31 BRBS 155(CRT) (1st Cir.

5

Accordingly, the administrative law judge's Decision and Order Awarding Benefits and Denying Special Fund Relief and the Order Denying Respondents' Motion for Reconsideration are affirmed.

SO ORDERED.

_____
BETTY JEAN HALL, Acting Chief
Administrative Appeals Judge

_____
REGINA C. McGRANERY
Administrative Appeals Judge

_____
JUDITH S. BOGGS
Administrative Appeals Judge

---

1997). The denial of Section 8(f) relief in this case is based on a failure of adequate proof of one of the elements for such relief. Moreover, given our disposition of this appeal, we need not address the Director's contention that the private parties' stipulation as to claimant's entitlement to permanent partial disability benefits cannot be the basis for an award of Section 8(f) relief, on the ground that the Special Fund cannot be bound by such a stipulation in the absence of substantial evidence to support it. *See generally* Brady v. *J. Young & Co.*, 17 BRBS 46, *aff'd on reconsideration*, 18 BRBS 167 (1985).

## CERTIFICATE OF SERVICE

2014-0149-LHCA Keith Dawley v. Cianbro Corporation, Travelers Casualty & Surety Company, (Case No. 13-LHCA-0498) (OWCP No. 010169788)

I certify that the parties below were served this day.

DEC 16 2014

_____
(DATE)

_____
Thomas O. Shepherd, Jr., Esq.   *TF*
Clerk of the Appellate Boards

Keith Dawley
20 Jeffrey Manor Road
Oakdale, CT 06320
  --*Certified*

Colleen A. Geraghty
U.S. Department of Labor
O'Neill Federal Building - Room 411
10 Causeway Street
Boston, MA 02222

David B. Groeneveld
U.S. Department of Labor, OWCP/DLHWC
Charles E. Bennett Federal Building
400 West Bay Street, Room 63A, Box 28
Jacksonville, FL 32202

Gerard Rucci, Esq.
Law Office of Gerard R. Rucci, LLC
111 Huntington Street
New London, CT 06320
  --*Certified*

Michael J. McAuliffe, Esq.
Pomeranz, Drayton & Stabnick
95 Glastonbury Boulevard
Glastonbury, CT 06033
  --*Certified*

Rae Ellen James, Esq.
Associate Solicitor, U.S. Department of Labor
200 Constitution Avenue, N.W.
Suite N-2117, NDOL
Washington, DC 20210
  --*Electronic*