## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## AGENCY APPEAL PRE-ARGUMENT STATEMENT (FORM C-A)

☐ APPLICATION FOR ENFORCEMENT ☑ PETITION FOR REVIEW

1. SEE NOTICE ON REVERSE.    2. PLEASE TYPE OR PRINT.    3. STAPLE ALL ADDITIONAL PAGES.

| CAPTION:<br><br>Cianbro Corporation<br>v.<br>United States Department of Labor | AGENCY NAME:<br><br>Benefits Review Board | AGENCY NO.:<br><br>14-0149 |
|---|---|---|
| | DATE THE ORDER UPON WHICH REVIEW OR ENFORCEMENT IS SOUGHT WAS ENTERED BELOW:<br><br>12/16/14 | ALIEN NO :<br>(Immigration Only) |
| | DATE THE PETITION OR APPLICATION WAS FILED:<br><br>2/13/15 | Is this a cross-petition for review / cross-application for enforcement?<br>☐ YES ☑ NO |

| Contact Information for Petitioner(s) Attorney: | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:<br><br>Zachary M. Delaney 95 Glastonbury Blvd.   P 860-657-8000   Glastonbury CT 06033   F 860-657-9838   ZakD@pdslaw.com |
|---|---|
| Contact Information for Respondent(s) Attorney: | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:<br><br>Rebecca J Fiebig   200 Constitution Ave NW Suite N-2117 Washington,DC 20210   fiebig.rebecca.j@dol.gov |

| JURISDICTION OF THE COURT OF APPEALS (provide U.S.C. title and section):<br><br>33USC Section 901 | APPROX. NUMBER OF PAGES IN THE RECORD:<br><br>100 | APPROX. NUMBER OF EXHIBITS IN THE RECORD:<br><br>15 | Has this matter been before this Circuit previously? ☐ Yes ☑ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:    Reporter Citation: (*i.e.*, F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; AND (3) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS PETITION FOR REVIEW OR APPLICATION FOR ENFORCEMENT.

*ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM: (1) THE RELIEF REQUESTED; (2) A LIST OF THE PROPOSED ISSUES; AND (3) THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

| PART A: STANDING AND VENUE | |
|---|---|
| **STANDING** | **VENUE** |
| PETITIONER / APPLICANT IS:<br><br>☐ AGENCY   ☑ OTHER PARTY<br>☐ NON-PARTY (SPECIFY STANDING): | COUNSEL MUST PROVIDE IN THE SPACE BELOW THE FACTS OR CIRCUMSTANCES UPON WHICH VENUE IS BASED:<br><br>Substantial Events took place in State of CT<br>Cianbro does business/resides in State of CT |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

| PART B: NATURE OF ORDER UPON WHICH REVIEW OR ENFORCEMENT IS SOUGHT |
| :---: |
| (Check as many as apply) |

**TYPE OF CASE:**

| | | | |
| :--- | :--- | :--- | :--- |
| _____ | ADMINISTRATIVE REGULATION/ RULEMAKING | _____ | IMMIGRATION-includes denial of an asylum claim |
| X | BENEFITS REVIEW | _____ | IMMIGRATION-does NOT include denial of an asylum claim |
| _____ | UNFAIR LABOR | _____ | TARIFFS |
| _____ | HEALTH & SAFETY | _____ | OTHER: |
| _____ | COMMERCE | | (SPECIFY) |
| _____ | ENERGY | | |

---

1. Is any matter relative to this petition or application still pending below? ☐ Yes, specify: _____ ✓No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   - (A) Arises from substantially the same case or controversy as this petition or application ?   ☐Yes ✓No
   - (B) Involves an issue that is substantially similar or related to an issue in this petition or application ?   ☐Yes ✓No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
| :--- | :--- | :--- | :--- |
| Name of Petitioner or Applicant: | | | |

---

| Date: 2/25/15 | Signature of Counsel of Record: |
| :--- | :--- |

## NOTICE TO COUNSEL

**Once you have filed your Petition for Review or Application for Enforcement, you have only 14 days in which to complete the following important steps:**

1. Complete this Agency Appeal Pre-Argument Statement (Form C-A); serve it upon your adversary, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. Pay the $500 docketing fee to the Clerk of the Second Circuit, unless you are authorized to prosecute the appeal without payment.

**<u>PLEASE NOTE</u>: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 CALENDAR DAYS, YOUR PETITION FOR REVIEW OR APPLICATION FOR ENFORCEMENT WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

KEITH DAWLEY                    :    BRB NO.: 14-0149
  CLAIMANT

      VS.

CIANBRO CORPORATION
  EMPLOYER

TRAVELERS
  INSURER
  RESPONDENTS                   :    January 27, 2015


ADDENDUM "A"

   Keith Dawley alleged a permanent lung impairment arising

out of his employment with Cianbro Corporation and applied for

benefits under the Longshore and Harbor Worker's Compensation

Act (33 U.S.C. Section 901, ET. Seq). Mr. Dawley was employed at

Cianbro Corporation who was insured by the Travelers Casualty

and Surety Company. A claim was made for permanent lung

impairment benefits. With the claim of Cianbro Corporation and

the Travelers that the special fund established under 33 U.S.C.

Section 944 was responsible for all benefits after Cianbro

Corporation and Travelers had paid 104 weeks of disability

payments to Keith Dawley.

LAW OFFICES
POMERANZ, DRAYTON & STABNICK, LLC
95 GLASTONBURY BOULEVARD · GLASTONBURY, CONNECTICUT 06033-4412 · (860) 657-8000 · JURIS NUMBER 47567

The administrative law judge denied Cianbro and Travelers claim for relief under 33 U.S.C. 908(f). Cianbro Corporation and the Travelers filed a Motion for Reconsideration which was also denied by the Administrative Law Judge. Cianbro Corporation and the Travelers took an appeal to the Benefits Review Board. The Board affirmed the finding of the Administrative Law Judge.

Attached to this Petition for Review are the decisions from the Administrative Law Judge and Benefits Review Board respectively.

KEITH DAWLEY                    :     BRB NO.: 14-0149
   CLAIMANT

      VS.

CIANBRO CORPORATION
   EMPLOYER

TRAVELERS
   INSURER
   RESPONDENTS              :     January 29, 2015


## ADDENDUM "B"

1. The Petitioner seeks an Order reversing the denial of relief under 33 U.S.C. Section 908(f).

2. The proposed issues are as follows:

   A. The Administrative Law Judge and the Benefits Review Board erred in denying relief to Cianbro and Travelers under 33 U.S.C. Section 908(f).

3. The standard of review for all of the issues is whether the Administrative Law Judge and the Benefits Review Board relied on substantial evidence in denying petitioners' application for relief under the special fund.

LAW OFFICES
POMERANZ, DRAYTON & STABNICK, LLC
95 GLASTONBURY BOULEVARD · GLASTONBURY, CONNECTICUT 06033-4412 · (860) 657-8000 · JURIS NUMBER 47367

CERTIFICATE OF SERVICE

Keith Dawley v. Cianbro and Director, Office of Workers' Compensation Programs, United States Department of Labor, BRB No.: 14-0249; Case No.: 13-LHCA-0498; OWCP No.: 010169788.

I hereby certify that a copy of the foregoing Pre-Argument Statement (Form A) was mailed the 29th day of January to the following:

Clerk of the Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007
**electronic**

Mr. Keith Dawley
20 Jeffrey Manor Road
Oakdale, CT 06320
**certified**

Rae Ellen James, Associate Solicitor
U.S. Department of Labor
200 Constitution Avenue, N.W., Suite N-2117, NDOL
Washington, DC 20210
**electronic**

Collen A. Geraghty
U.S. Department of Labor
O'Neill Federal Building - Room 411
10 Causeway Street
Boston, MA 02222

David B. Groeneveld
U.S. Department of Labor, OWCP/DLHWC
Charles Bennett Federal Building
400 West Bay Street, Room 63A, Box 28
Jacksonville, Florida 32202

Gerard Rucci, Esq.
Law Office of Gerard Rucci, LLC
111 Huntington Street
New London, CT 06320
**certified mail**

Yelena Zaslavskaya, Esq.
Office of Administrative Law Judges
Techworld Plaza
800 K Street NW
Suite 400
Washington, D.C. 20210

CIANBRO CORPORATION
Employer-Respondent;
TRAVELERS
Insurer;

By _____  2/6/15
  James Pomeranz, Esq.,  DATE
Attorney for Petitioner
Pomeranz, Drayton & Stabnick
95 Glastonbury Boulevard
Glastonbury, CT 06033
(860) 657-8000 phone
(860) 657-9838 fax

110.4077

LAW OFFICES
POMERANZ, DRAYTON & STABNICK, LLC
95 GLASTONBURY BOULEVARD · GLASTONBURY, CONNECTICUT 06033-4412 · (860) 657-8000 · JURIS NUMBER 47307

**U.S. Department of Labor**

Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601



BRB No. 14-0149

KEITH S. DAWLEY                                  )
                                                 )
    Claimant                 )
                                                 )
  v.                                     )
                                                 )
CIANBRO CORPORATION                              )
                                                 )
    and                      )
                                                 )
TRAVELERS CASUALTY & SURETY                      )    DATE ISSUED: **MAY 2 8 2014**
COMPANY                                          )
                                                 )
    Employer/Carrier-        )
    Petitioners              )
                                                 )
DIRECTOR, OFFICE OF WORKERS'                     )
COMPENSATION PROGRAMS, UNITED                    )
STATES DEPARTMENT OF LABOR                       )
                                                 )
    Respondent               )    ORDER

    Employer has filed a motion for oral argument in the captioned case. 20 C.F.R. §802.305. We deny employer's motion, as oral argument would not aid the Board in reaching a decision in this case. 20 C.F.R. §§802.304, 802.306.

BETTY JEAN HALL, Acting Chief
Administrative Appeals Judge

ROY P. SMITH
Administrative Appeals Judge

REGINA C. McGRANERY
Administrative Appeals Judge

## CERTIFICATE OF SERVICE

2014-0149-LHCA Keith Dawley v. Cianbro Corporation, Travelers Casualty & Surety Company, (Case No. 13-LHCA-0498) (OWCP No. 010169788)

I certify that the parties below were served this day.

**MAY 2 8 2014**

(DATE)

Thomas O. Shepherd, Jr., Esq.
Clerk of the Appellate Boards

Keith Dawley
20 Jeffrey Manor Road
Oakdale, CT 06320
*--Certified*

Rae Ellen James, Associate Solicitor
U.S. Department of Labor
200 Constitution Avenue, N.W.
Suite N-2117, NDOL
Washington, DC 20210
*--Certified*

Colleen A. Geraghty
U.S. Department of Labor
O'Neill Federal Building - Room 411
10 Causeway Street
Boston, MA 02222

David B. Groeneveld
U.S. Department of Labor
ESA/OWCP/DLHWC
JFK Federal Building, Room E-260
Boston, MA 02203

Gerard Rucci, Esq.
Law Office of Gerard R. Rucci, LLC
111 Huntington Street
New London, CT 06320
*--Certified*

Michael J. McAuliffe, Esq.
Pomeranz, Drayton & Stabnick
95 Glastonbury Boulevard
Glastonbury, CT 06033
*--Certified*

Yelena Zaslavskaya, Esq.
Office of Administrative Law Judges
Techworld Plaza
800 K Street NW
Suite 400
Washington, DC 20210

U.S. Department of Labor

Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601



BRB No. 14-0149

KEITH S. DAWLEY          )
                         )
        Claimant         )          **NOT PUBLISHED**
                         )
    v.                   )
                         )
CIANBRO CORPORATION      )
                         )
        and             )          DEC 16 2014
                         )
TRAVELERS CASUALTY AND   )   DATE ISSUED: _____
SURETY COMPANY           )
                         )
        Employer/Carrier-)
        Petitioners      )
                         )
DIRECTOR, OFFICE OF WORKERS' )
COMPENSATION PROGRAMS,   )
UNITED STATES DEPARTMENT OF )
LABOR                    )
                         )
        Respondent       )   DECISION and ORDER

Appeal of the Decision and Order Awarding Benefits and Denying Special
Fund Relief and the Order Denying Respondents' Motion for
Reconsideration of Colleen A. Geraghty, Administrative Law Judge,
United States Department of Labor.

Michael J. McAuliffe (Pomeranz, Drayton & Stabnick), Glastonbury,
Connecticut, for employer/carrier.

Eirik J. Cheverud (M. Patricia Smith, Solicitor of Labor; Rae Ellen James,
Associate Solicitor; Mark A. Reinhalter, Counsel for Longshore),
Washington D.C., for the Director, Office of Workers' Compensation
Programs, United States Department of Labor.

Before: HALL, Acting Chief Administrative Appeals Judge,
McGRANERY and BOGGS, Administrative Appeals Judges.

PER CURIAM:

Employer appeals the Decision and Order Awarding Benefits and Denying Special Fund Relief and the Order Denying Respondents' Motion for Reconsideration (2013-LHC-00498) of Administrative Law Judge Colleen A. Geraghty rendered on a claim filed pursuant to the provisions of the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. §901 *et seq.* (the Act). We must affirm the administrative law judge's findings of fact and conclusions of law if they are supported by substantial evidence, are rational, and are in accordance with law. 33 U.S.C. §921(b)(3); *O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc.*, 380 U.S. 359 (1965).

In December 2010, claimant, employer, and another employer, Mohawk Northeast, filed a joint stipulation with Administrative Law Judge Daniel F. Sutton agreeing to settle claimant's claim for a work-related pulmonary injury, lung cancer or, alternatively, chronic obstructive pulmonary disease, manifest as of March 2009.[1] The parties agreed that the two employers would each pay claimant $5,000 for claimant's lung injury; however, the agreement did not preclude claimant from filing a future claim were he to sustain an increased injury due to a new exposure.[2] Judge Sutton approved the stipulations under Section 8(i) of the Act, 33 U.S.C. §908(i), on December 29, 2010. Decision and Order Approving Settlement (2010-LHC-00665). Because claimant continued to work and to be exposed to injurious stimuli, he filed a new claim for benefits related to his worsening lung condition. Employer filed an application for Section 8(f), 33 U.S.C. §908(f), relief on October 22, 2012, and the district director denied the motion on November 29, 2012. Employer submitted a revised application for Section 8(f) relief with Administrative Law Judge Geraghty (the administrative law judge) in May 2013.

In June 2013, claimant and employer filed with the administrative law judge signed stipulations, reaching an agreement for additional benefits for claimant's worsened lung condition, identified as COPD or occupational asthma. Specifically, the parties agreed that claimant's lung condition reached maximum medical improvement on

---

[1] Claimant worked for Mohawk from July 19, 1988, through March 3, 2007, and from April 2, 2007, through March 18, 2009. Thereafter, claimant worked, and continues to work, for employer. On March 20, 2009, claimant underwent a lobectomy to remove a malignant mass from the upper lobe of his right lung. Due to an extended surgery, claimant suffered a "frozen shoulder" and had to undergo a right shoulder arthroscopy and release in August 2009.

[2] The stipulations also referenced claimant's receipt of $72,904.80 for a permanent lung condition under the Connecticut Workers' Compensation Act.

September 4, 2010, and caused a loss in wage-earning capacity. On June 25, 2013, employer submitted its brief in support of its application for Section 8(f) relief. Essentially, employer argued that claimant's pre-existing permanent partial disability is his asthma which was manifest to employer because he was being treated for it between 2006 and 2008. Employer then asserted that claimant's disabling lung condition is materially and substantially greater than it would have been without the pre-existing condition.

Based on the parties' stipulations, the administrative law judge awarded claimant on-going permanent partial disability benefits pursuant to Section 8(c)(21) of the Act, 33 U.S.C. §908(c)(21), and medical benefits for his work-related pulmonary condition. Decision and Order at 5, 7. However, the administrative law judge denied employer's application for Section 8(f) relief. She found that, although employer established claimant had a pre-existing permanent partial disability that was manifest to employer, employer did not establish that claimant's disability is materially and substantially greater than it would have been absent the pre-existing condition. *Id.* at 6-7. The administrative law judge denied employer's motion for reconsideration. Employer appeals the denial of Section 8(f) relief, and the Director, Office of Workers' Compensation Programs (the Director), responds, urging affirmance.

An employer may be granted Special Fund relief, in a case where a claimant is permanently partially disabled, if it establishes that the claimant had a manifest, pre-existing permanent partial disability, and that the claimant's current permanent partial disability is not due solely to the subsequent work injury and "is materially and substantially greater than that which would have resulted from the subsequent work injury alone." 33 U.S.C. §908(f)(1);[3] *Marine Power & Equipment v. Dep't of Labor* [*Quan*], 203 F.3d 664, 33 BRBS 204(CRT) (9th Cir. 2000). In order to satisfy the contribution element in a case involving a permanent partial disability, the employer must show, by medical or other evidence, that claimant's overall disability is materially and substantially greater than it would have been had the pre-existing condition never existed. *Louis Dreyfus Corp. v. Director, OWCP*, 125 F.3d 884, 31 BRBS 141(CRT) (5th Cir. 1997); *Director, OWCP* [*Ladner*] *v. Ingalls Shipbuilding, Inc.*, 125 F.3d 303, 31 BRBS

---

[3] Section 8(f)(1), 33 U.S.C. §980(f)(1), states in pertinent part:

In all other cases in which the employee has a permanent partial disability, found not to be due solely to that injury, and such disability is materially and substantially greater than that which would have resulted from the subsequent injury alone, the employer shall provide in addition to compensation under subsections (b) and (e) of this section, compensation for one hundred and four weeks only.

146(CRT) (5th Cir. 1997); *Ceres Marine Terminal v. Director, OWCP [Allred]*, 118 F.3d 387, 31 BRBS 91(CRT) (5th Cir. 1997). Because the administrative law judge found that claimant had a manifest, pre-existing disability, employer challenges only the finding that it failed to establish that claimant's disability is "materially and substantially greater" than it would have been absent the pre-existing lung condition.

In this case, employer submitted the opinions of Drs. Licata and Conway to show that claimant's pre-existing condition materially and substantially contributed to his current disability. Dr. Licata, claimant's treating physician, stated in a letter dated October 19, 2012, that claimant's overall impairment following his work injury is materially and substantially greater as a result of the pre-existing impairment than it would be from the work injury alone. Section 8(f) App. at exh. D. In a letter dated September 2, 2010, Dr. Conway stated that claimant had an obstructive lung disease which was temporarily exacerbated by every exposure to smoke, fumes, and gas. Although Dr. Conway stated claimant has a 35 percent impairment to each lung, he was unable to quantify each separate factor of the disabling lung condition. *Id.* at exh. C.

In addressing whether this evidence supports employer's claim of contribution, the administrative law judge found, initially, that employer never explicitly identified the "subsequent work injury" but she presumed it was work-related aggravations of claimant's pre-existing asthma. Decision and Order at 6. She found that Dr. Licata's opinion is entitled to little weight because it consisted of only one conclusory sentence; the administrative law judge found Dr. Licata did not identify the subsequent work injury or explain how claimant's overall condition is materially and substantially worse because of the prior injury. *Id.* at 6-7. Further, she found that the opinion of Dr. Conway, an independent medical examiner, is also insufficient to carry employer's burden. Although Dr. Conway stated that claimant's asthma was exacerbated by the subsequent work exposures, he did not state that claimant's overall condition was materially and substantially worse as a result of the pre-existing asthma, nor did he quantify the impairments to show a substantial difference. Accordingly, the administrative law judge denied the request for Section 8(f) relief as employer failed to establish the contribution element. *Id.* at 7.

In denying employer motion for reconsideration, the administrative law judge stated that the opinions of these doctors establish that claimant sustained a work-related second injury, aggravation of his pre-existing asthma, but do not establish that claimant's disability is materially and substantially worse because of the pre-existing asthma. Rather, the administrative law judge found that claimant's disability is due to the second injury, *i.e.*, the work-related aggravations of claimant's asthmatic condition, and that the two physicians did not address what claimant's disability would be without the pre-existing asthma. Thus, she stated that there is no way to compare degree of disability due to the work injury with the ultimate permanent partial disability. Recon. at 3. The

4

administrative law judge also noted that a "common sense" test for Section 8(f) relief has been rejected. Therefore, merely because claimant had pre-existing asthma does not mean that it, in conjunction with the work-related aggravations, necessarily caused a greater disability. *Id.* at n.2 (citing *Two "R" Drilling Co., Inc. v. Director, OWCP*, 894 F.2d 748, 23 BRBS 34(CRT) (5th Cir. 1990)).

We reject employer's contention that the administrative law judge's conclusion is erroneous. The administrative law judge is entitled to weigh the evidence of record. *Calbeck v. Strachan Shipping Co.*, 306 F.2d 693 (5th Cir. 1962), *cert. denied*, 372 U.S. 954 (1963); *John W. McGrath Corp. v. Hughes*, 289 F.2d 403 (2d Cir. 1961). Contrary to employer's contention, the administrative law judge need not give the opinion of a claimant's treating physician, here Dr. Licata, automatic controlling weight merely because of his status as "treating physician." Rather, the administrative law judge properly considered the underlying rationale of Dr. Licata's opinion, as well as the other medical evidence of record. *See Brown v. National Steel & Shipbuilding Co.*, 34 BRBS 195 (2001); *Director, OWCP v. Newport News Shipbuilding & Dry Dock Co. [Carmines]*, 138 F.3d 134, 32 BRBS 48(CRT) (4th Cir. 1998). The administrative law judge rationally found that Dr. Licata's conclusory statement did not explain how claimant's pre-existing condition played a contributory role in claimant's compensable disability. *See Richardson v. Newport News Shipbuilding & Dry Dock Co.*, 39 BRBS 74 (2005), *aff'd mem. sub nom. Newport News Shipbuilding & Dry Dock Co. v. Director, OWCP*, 245 F. App'x 249 (4th Cir. 2007). The administrative law judge also rationally found that merely stating that claimant's lung impairment is "materially and substantially greater than that which would have resulted from the work injury alone," without providing the rationale which supports the statement, is insufficient to meet employer's burden under Section 8(f). *See, e.g., Beckner v. Newport News Shipbuilding & Dry Dock Co.*, 34 BRBS 181 (2000). Further, as the administrative law judge found, although Dr. Licata's earlier reports establish the existence of claimant's lung cancer and obstructive lung disease, they do not establish that claimant's current disability is substantially greater due to those prior lung ailments. Similarly, it was reasonable for the administrative law judge to find that Dr. Conway's opinion does not establish the contribution element as she rationally found that his opinion regarding work-related exacerbations of claimant's underlying condition establishes that the work exposures are the primary cause of claimant's disability. As neither doctor's opinion establishes that claimant's overall disability is materially and substantially worse because of his pre-existing asthmatic condition, we affirm the administrative law judge's denial of Section 8(f) relief.[4]

_____

[4] We reject employer's "policy argument" that it should be entitled to Section 8(f) relief because it retained a "high risk" employee. It is well established that the elements for Section 8(f) relief must be met with creditable evidence. *See generally Director, OWCP v. Bath Iron Works Corp. [Johnson]*, 129 F.3d 45, 31 BRBS 155(CRT) (1st Cir.

administrative law judge also noted that a "common sense" test for Section 8(f) relief has been rejected. Therefore, merely because claimant had pre-existing asthma does not mean that it, in conjunction with the work-related aggravations, necessarily caused a greater disability. *Id.* at n.2 (citing *Two "R" Drilling Co., Inc. v. Director, OWCP*, 894 F.2d 748, 23 BRBS 34(CRT) (5th Cir. 1990)).

We reject employer's contention that the administrative law judge's conclusion is erroneous. The administrative law judge is entitled to weigh the evidence of record. *Calbeck v. Strachan Shipping Co.*, 306 F.2d 693 (5th Cir. 1962), *cert. denied*, 372 U.S. 954 (1963); *John W. McGrath Corp. v. Hughes*, 289 F.2d 403 (2d Cir. 1961). Contrary to employer's contention, the administrative law judge need not give the opinion of a claimant's treating physician, here Dr. Licata, automatic controlling weight merely because of his status as "treating physician." Rather, the administrative law judge properly considered the underlying rationale of Dr. Licata's opinion, as well as the other medical evidence of record. *See Brown v. National Steel & Shipbuilding Co.*, 34 BRBS 195 (2001); *Director, OWCP v. Newport News Shipbuilding & Dry Dock Co. [Carmines]*, 138 F.3d 134, 32 BRBS 48(CRT) (4th Cir. 1998). The administrative law judge rationally found that Dr. Licata's conclusory statement did not explain how claimant's pre-existing condition played a contributory role in claimant's compensable disability. *See Richardson v. Newport News Shipbuilding & Dry Dock Co.*, 39 BRBS 74 (2005), *aff'd mem. sub nom. Newport News Shipbuilding & Dry Dock Co. v. Director, OWCP*, 245 F. App'x 249 (4th Cir. 2007). The administrative law judge also rationally found that merely stating that claimant's lung impairment is "materially and substantially greater than that which would have resulted from the work injury alone," without providing the rationale which supports the statement, is insufficient to meet employer's burden under Section 8(f). *See, e.g., Beckner v. Newport News Shipbuilding & Dry Dock Co.*, 34 BRBS 181 (2000). Further, as the administrative law judge found, although Dr. Licata's earlier reports establish the existence of claimant's lung cancer and obstructive lung disease, they do not establish that claimant's current disability is substantially greater due to those prior lung ailments. Similarly, it was reasonable for the administrative law judge to find that Dr. Conway's opinion does not establish the contribution element as she rationally found that his opinion regarding work-related exacerbations of claimant's underlying condition establishes that the work exposures are the primary cause of claimant's disability. As neither doctor's opinion establishes that claimant's overall disability is materially and substantially worse because of his pre-existing asthmatic condition, we affirm the administrative law judge's denial of Section 8(f) relief.[4]

---

[4] We reject employer's "policy argument" that it should be entitled to Section 8(f) relief because it retained a "high risk" employee. It is well established that the elements for Section 8(f) relief must be met with creditable evidence. *See generally Director, OWCP v. Bath Iron Works Corp. [Johnson]*, 129 F.3d 45, 31 BRBS 155(CRT) (1st Cir.

Accordingly, the administrative law judge's Decision and Order Awarding Benefits and Denying Special Fund Relief and the Order Denying Respondents' Motion for Reconsideration are affirmed.

SO ORDERED.


BETTY JEAN HALL, Acting Chief
Administrative Appeals Judge


REGINA C. McGRANERY
Administrative Appeals Judge


JUDITH S. BOGGS
Administrative Appeals Judge

---

1997). The denial of Section 8(f) relief in this case is based on a failure of adequate proof of one of the elements for such relief. Moreover, given our disposition of this appeal, we need not address the Director's contention that the private parties' stipulation as to claimant's entitlement to permanent partial disability benefits cannot be the basis for an award of Section 8(f) relief, on the ground that the Special Fund cannot be bound by such a stipulation in the absence of substantial evidence to support it. *See generally* Brady *v. J. Young & Co.*, 17 BRBS 46, *aff'd on reconsideration*, 18 BRBS 167 (1985).

Accordingly, the administrative law judge's Decision and Order Awarding Benefits and Denying Special Fund Relief and the Order Denying Respondents' Motion for Reconsideration are affirmed.

SO ORDERED.

_Betty Jean Hall_
BETTY JEAN HALL, Acting Chief
Administrative Appeals Judge

_Regina C. McGranery_
REGINA C. McGRANERY
Administrative Appeals Judge

_Judith S. Boggs_
JUDITH S. BOGGS
Administrative Appeals Judge

---

1997). The denial of Section 8(f) relief in this case is based on a failure of adequate proof of one of the elements for such relief. Moreover, given our disposition of this appeal, we need not address the Director's contention that the private parties' stipulation as to claimant's entitlement to permanent partial disability benefits cannot be the basis for an award of Section 8(f) relief, on the ground that the Special Fund cannot be bound by such a stipulation in the absence of substantial evidence to support it. *See generally* Brady v. *J. Young & Co.*, 17 BRBS 46, *aff'd on reconsideration*, 18 BRBS 167 (1985).

6

# CERTIFICATE OF SERVICE

2014-0149-LHCA Keith Dawley v. Cianbro Corporation, Travelers Casualty & Surety Company, (Case No. 13-LHCA-0498) (OWCP No. 010169788)

I certify that the parties below were served this day.


DEC 16 2014

_____
(DATE)


_____
Thomas O. Shepherd, Jr., Esq.
Clerk of the Appellate Boards


Keith Dawley
20 Jeffrey Manor Road
Oakdale, CT 06320
    *--Certified*


Colleen A. Geraghty
U.S. Department of Labor
O'Neill Federal Building - Room 411
10 Causeway Street
Boston, MA 02222


David B. Groeneveld
U.S. Department of Labor, OWCP/DLHWC
Charles E. Bennett Federal Building
400 West Bay Street, Room 63A, Box 28
Jacksonville, FL 32202


Gerard Rucci, Esq.
Law Office of Gerard R. Rucci, LLC
111 Huntington Street
New London, CT 06320
    *--Certified*


Michael J. McAuliffe, Esq.
Pomeranz, Drayton & Stabnick
95 Glastonbury Boulevard
Glastonbury, CT 06033
    *--Certified*


Rae Ellen James, Esq.
Associate Solicitor, U.S. Department of Labor
200 Constitution Avenue, N.W.
Suite N-2117, NDOL
Washington, DC 20210
    *--Electronic*

U.S. DEPARTMENT OF LABOR     Office of Workers' Compensation Programs
Longshore and Harbor Workers' Compensation
J.F.K Federal Building Room E-260
Boston, MA 02203
(617)624-6750

January 22, 2014

Keith S. Dawley           File Number: 1-169788
Claimant                Claimant: Keith S. Dawley
                         Date of Injury: 03/18/2009
v.                        Employer: Cianbro Corporation
                         Carrier: Travelers Casualty
Cianbro Corporation       Carrier NO.: E2602267 F2
Employer

And                    OALJ #: 2013-LHC-00498

Travelers Casualty & Surety, Co.
Carrier

The enclosed Decision and Order of the Administrative Law Judge is
hereby served upon the parties to whom this letter is addressed. The
decision was based on all of the evidence of record, including
testimony taken at a formal hearing, and on the assumption that all
available evidence has been submitted.

The transcript, pleadings, and compensation order have been dated and
filed in the District Directors Office. Procedures for appealing are
described on Page 2 of this letter.

The employer/insurance carrier is hereby advised that if the order
awards compensation benefits, the filing of an appeal does not relieve
that party of the obligation of paying compensation as directed in this
order. The employer/insurance carrier is also advised that an
additional 20 percent is added to the amount of compensation due if not
paid within 10 days, notwithstanding the filing of an appeal, unless an
order staying payments has been issued by the Benefits Review Board,
U.S. Department of Labor, P. O. Box 37601, Washington, D.C. 20013-7601.

Sincerely,

David Groeneveld
District Director/LHWCA                         LS-20

Enclosure:

U.S. DEPARTMENT OF LABOR    Office of Workers' Compensation Programs
                            Longshore and Harbor Workers' Compensation
                            J.F.K Federal Building Room E-260
                            Boston, MA  02203
                            (617)624-6750

January 22, 2014


Keith S. Dawley              File Number: 1-169788
Claimant                    Claimant: Keith S. Dawley
                            Date of Injury: 03/18/2009
v.                          Employer: Cianbro Corporation
                            Carrier: Travelers Casualty
Cianbro Corporation         Carrier NO.: E2602267 F2
Employer
                            OALJ #: 2013-LHC-00498
And

Travelers Casualty & Surety, Co.
Carrier



The enclosed Decision and Order of the Administrative Law Judge is
hereby served upon the parties to whom this letter is addressed. The
decision was based on all of the evidence of record, including
testimony taken at a formal hearing, and on the assumption that all
available evidence has been submitted.

The transcript, pleadings, and compensation order have been dated and
filed in the District Directors Office. Procedures for appealing are
described on Page 2 of this letter.

The employer/insurance carrier is hereby advised that if the order
awards compensation benefits, the filing of an appeal does not relieve
that party of the obligation of paying compensation as directed in this
order. The employer/insurance carrier is also advised that an
additional 20 percent is added to the amount of compensation due if not
paid within 10 days, notwithstanding the filing of an appeal, unless an
order staying payments has been issued by the Benefits Review Board,
U.S. Department of Labor, P. O. Box 37601, Washington, D.C. 20013-7601.



Sincerely,


David Groeneveld
District Director/LHWCA                                  LS-20


Enclosure:

Page 2 of 3
File Number: 1-169788
Claimant: Keith S. Dawley

<u>Longshore and Harbor Workers' Compensation Act, as extended</u>

A petition for reconsideration of a decision and order must be filed
with the Office of Administrative Law Judge, who issued the original
decision, within 10 days from the date the District Director files the
decision and order in his/her Office.

Any notice of appeal shall be sent by mail or otherwise presented to
the Clerk of the Benefits Review Board in Washington, D.C. within 30
days from the date upon which a decision and order has been filed in
the Office of the District Director, or within 30 days from the date
final action is taken on a timely-filed petition for reconsideration.
If a timely notice of appeal is filed by a party, any other party may
initiate a cross-appeal or protective appeal by filing a notice of
appeal within 14 days of the date on which the first notice of appeal
was filed or within the 30 day period described above, whichever period
last expires. A copy shall be served upon the District Director and on
all other parties by the party who files a notice of appeal. Proof of
service shall be included with the notice of appeal.

The date compensation is due is the date the District Director files
the Decision and Order in his/her Office.

Page 2 of 3
File Number: 1-169788
Claimant: Keith S. Dawley


Longshore and Harbor Workers' Compensation Act, as extended


A petition for reconsideration of a decision and order must be filed
with the Office of Administrative Law Judge, who issued the original
decision, within 10 days from the date the District Director files the
decision and order in his/her Office.

Any notice of appeal shall be sent by mail or otherwise presented to
the Clerk of the Benefits Review Board in Washington, D.C. within 30
days from the date upon which a decision and order has been filed in
the Office of the District Director, or within 30 days from the date
final action is taken on a timely-filed petition for reconsideration.
If a timely notice of appeal is filed by a party, any other party may
initiate a cross-appeal or protective appeal by filing a notice of
appeal within 14 days of the date on which the first notice of appeal
was filed or within the 30 day period described above, whichever period
last expires. A copy shall be served upon the District Director and on
all other parties by the party who files a notice of appeal. Proof of
service shall be included with the notice of appeal.

The date compensation is due is the date the District Director files
the Decision and Order in his/her Office.

## CERTIFICATE OF FILING AND SERVICE

I certify that on January 22, 2014, the foregoing Compensation Order was filed in the Office of the District Director, First Compensation District, and that a copy thereof was on said date by certified mail to the parties and their representatives at the last known address of each as follows:

Keith S. Dawley
20 Jeffrey Manor Road
Oakdale, CT 06370

Cianbro Corporation
40 East Dudley Town Road
Bloomfield, CT 06002

Gerard R. Rucci, Esq.
111 Huntington Street
New London, CT 06320

Pomeranz, Drayton & Stabnick
95 Glastonbury Blvd.
Glastonbury, CT 06033

Travelers Casualty & Surety Co.
P.O. Box 22986
Rochester, NY 14692

U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203

A copy of certificate of filing and service is faxed to
Judge Colleen A. Geraghty, fax # 617 223-4254

David Groeneveld
District Director,
First Compensation District
U.S. Department of Labor
EMPLOYMENT STANDARDS ADMINISTRATION
Office of Workers' Compensation Programs

Employer/Carrier: Submit form LS-206/208 to indicate payment in accordance with the attached Compensation Order within 16 days of payment. Section 14 (g) of the Longshore Act provides a penalty of $110 for failure to comply.

UNITED STATES DEPARTMENT OF LABOR
OFFICE OF ADMINISTRATIVE LAW JUDGES
BOSTON, MASSACHUSETTS

Issue Date: 21 January 2014

CASE NO.:   2013-LHC-00498
OWCP NO.:   01-169788

---

*In the Matter of:*

KEITH S. DAWLEY,
*Claimant,*

*v.*

CIANBRO CORPORATION,
*Employer,*

*and*

TRAVELERS CASUALTY & SURETY COMPANY,
*Carrier,*

*and*

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
*Party-in-Interest.*

---

## ORDER DENYING RESPONDENTS' MOTION FOR RECONSIDERATION

The present matter involves a claim for compensation benefits filed under the provisions of the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 901 *et seq.* (the "Act" or "LHWCA"). On August 5, 2013, I issued a Decision and Order Awarding Benefits and Denying Special Fund Relief ("D&O"). The Claimant was awarded permanent partial disability benefits pursuant to 33 U.S.C. § 908(c)(21) of the Act for a work-related pulmonary injury, commencing on September 4, 2010 and continuing. D&O at 7. The Respondents' request for relief from the Special Fund pursuant to Section 8(f) was denied for failure to establish that the Claimant's permanent partial disability was materially and substantially greater as a result of a pre-existing condition. *Id.*

On August 20, 2013, the Respondents filed a Motion for Reconsideration of the August 5, 2013 Decision and Order, seeking reconsideration of my denial of Special Fund relief pursuant to 33 U.S.C. § 908(f). Subsequently, the Respondents filed a Notice of Appeal to the Benefits Review Board (the "Board"). Respondents were advised that I no longer had jurisdiction to rule on the pending motion while the case was before the Board. Accordingly, the Respondents withdrew their appeal, and the matter was remanded for a ruling on the motion for reconsideration. On December 23, 2013, I issued an Order setting a deadline for the Director of the Office of Workers' Compensation Programs ("OWCP") to file a response to the Motion for Reconsideration, and the response was submitted on January 10, 2014.

A motion for reconsideration, or "amendment of judgment" as it is known under Federal Rules of Civil Procedure, Rule 59(e),[1] "must either clearly establish a manifest error of law or must present newly discovered evidence." *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 72 (1st Cir.2003), *quoting Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.*, 37 F.3d 25, 29 (1st Cir. 1994); *Doe v. New York City Dept. of Social Services*, 709 F.2d 782, 789 (2d Cir. 1983) (*quoting* 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478, at 790 (1981)). In my August 5, 2013 Decision and Order, I found that the Claimant had pre-existing asthma, which was manifest to the Employer prior to the work-related aggravation of the asthmatic condition. The Respondents do not contest these findings. However, Respondents seek reconsideration of my finding that they provided insufficient evidence demonstrating the Claimant's ultimate permanent partial disability is materially and substantially greater than would have resulted from the work-related injury alone. Mot. Recon. 1. The Director of OWCP urges a denial of reconsideration as the Respondents did not present new or substantial evidence to justify reconsideration. Dir. Opp. 2.

In finding that the Respondents failed to establish the third element of a Section 8(f) claim, I discredited Dr. Licata's one sentence conclusory opinion in a letter dated October 19, 2012, which stated "as a result of [Claimant's] pre-existing lung impairment, [] his overall lung impairment following his work injury is materially and substantially greater than that which would have resulted from the work injury alone." 8f Application EX D; D&O at 6-7. I determined that Dr. Licata did not provide any explanation or rationale for his cursory statement, nor did he identify what he believed to be the pre-existing lung impairment or the work-related injury. D&O at 6-7. I further found that Dr. Conway's opinion in his September 2, 2010 medical report that Claimant's non-occupational asthma was exacerbated by all of his work exposures was insufficient evidence that Claimant's current permanent partial disability is materially and substantially greater than would have resulted from the subsequent work related aggravation of the asthmatic condition alone. 8(f) Application EX C; D&O at 7.

---

[1] Although the Benefit Review Board's Rules of Practice and Procedure, 20 C.F.R. § 802.206, contemplates motions for reconsideration of an administrative law judge's decision under the LHWCA, such motions for reconsideration are not addressed in either the Act or its implementing regulations, or in the Rule of Practice and Procedure for Proceedings before the Office of Administrative Law Judges (29 C.F.R. § 18.1 *et seq.*). Accordingly, Rule 59(e) is applicable in order to fill in the gap. *See* 29 C.F.R. § 18.1; *Galle v. Ingalls Shipbuilding, Inc.*, 33 BRBS 141, 143-144 n.8 (1999).

In their request for reconsideration, Respondents contend that Dr. Licata, as Claimant's treating physician since October 17, 2008, is particularly qualified to opine on Claimant's disability, and I therefore should have attributed more weight to his opinions. *Id.* Respondents argue that Dr. Licata's letter dated December 4, 2009, stating that Claimant's occupational exposures have contributed to his obstructive pulmonary disease, is sufficient evidence to support his one-sentenced statement, nearly three years later, that the Claimant's disability is materially and substantially greater due to the pre-existing lung impairment. Mot. Recon. 4-5; Records provided to Director's counsel Mr. d'Entremont on May 28, 2013, p. 13/38. Respondents also maintain that Dr. Conway's opinions are sufficient to establish the third requisite for Section 8(f) relief. Respondents refer to Dr. Conway's finding that the Claimant's asthma was exacerbated by his occupational exposures, and his finding that the overall permanent partial disability was "secondary to asthma, which was exacerbated by all his workplace exposures." Mot. Recon. 6; 8(f) Application EX C, pp. 3-4.

Respondents' arguments do not warrant reconsideration. It cannot be extrapolated from Dr. Licata's and Dr. Conway's statements that Claimant's occupational exposures have contributed to his pulmonary impairment, that the overall disability is materially and substantially greater due to the pre-existing asthmatic condition. Their opinions simply establish that there was a work-related second injury—an aggravation of the pre-existing asthma. The Employer did not offer evidence of the extent of disability Claimant would suffer if not previously disabled when injured by the work-related aggravation. *See Dir. OWCP v. Bath Iron Works Corp.* 129 F.3d 45, 51-52 (1st Cir. 1997); *Paynter v. Newport News Shipbuilding & Dry Dock*, BRB No. 04-0854 (June 27, 2005)(unpub.). The two physicians did not discuss what the Claimant's disability would be as a result of the work-related aggravation of asthma alone, and thus there is no way to compare the degree of disability attributable to the work-related injury with the ultimate permanent partial disability. Based on the medical records, the Claimant appears to have extrinsic asthma, with episodic exacerbations due to occupational exposures to fumes, smoke, and gases. 8(f) Application EX A & EX C, pp. 3-4. Based on the evidence presented, it appears that it was primarily the work exposures that caused Claimant to be disabled, and not the underlying pre-existing asthma itself. Without further evidence from the Respondents, I cannot find that the Claimant's current permanent partial disability is materially and substantially greater than would have resulted from the subsequent work-related aggravation or exacerbation of the underlying asthmatic condition alone.[2] Accordingly, the Respondents are not entitled to Section 8(f) relief, and their Motion for Reconsideration is DENIED.

---

[2] Although not argued by Respondents, I note that a "common-sense test," rationalizing that because Claimant had pre-existing asthma, the pre-existing asthma must have combined with the work-related aggravation of asthma to result in a substantially greater disability, has been rejected by the courts and the Board. *See Two "R" Drilling Co., Inc. v. Director, OWCP*, 894 F.2d 748 (5th Cir. 1990).



- 3 -

## ORDER

Based on the foregoing, the Respondents' Motion for Reconsideration is hereby **DENIED.**

**SO ORDERED.**



Digitally signed by Colleen Geraghty
DN: CN=Colleen Geraghty,
OU=Administrative Law Judge, O=Office
of Administrative Law Judges, L=Boston,
S=MA, C=US
Location: Boston MA

**COLLEEN A. GERAGHTY**
Administrative Law Judge

Boston, Massachusetts



# UNITED STATES DEPARTMENT OF LABOR
# OFFICE OF ADMINISTRATIVE LAW JUDGES
# BOSTON, MASSACHUSETTS

**Issue Date: 23 December 2013**

CASE NO.:    2013-LHC-00498
OWCP NO.:   01-169788

_In the Matter of:_

KEITH S. DAWLEY,
_Claimant,_

_v._

CIANBRO CORPORATION,
_Employer,_

_and_

TRAVELERS CASUALTY & SURETY COMPANY,
_Carrier,_

_and_

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
_Party-in-Interest._

## ORDER SETTING DEADLINE FOR DIRECTOR'S RESPONSE
## TO RESPONDENTS' MOTION FOR RECONSIDERATION

The present matter involves a claim for compensation benefits filed under the provisions of the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 901 _et seq._ (the "Act" or "LHWCA"). On August 5, 2013, I issued a Decision and Order Awarding Benefits and Denying Special Fund Relief ("D&O"). On August 20, 2013, the Respondents filed a Motion for Reconsideration of the August 5, 2013 Decision and Order, seeking reconsideration of my denial of Special Fund relief pursuant to 33 U.S.C. 908(f). Soon thereafter, the Respondents filed a Notice of Appeal to the Benefits Review Board (the "Board"), which this office received on September 9, 2013. Respondents filed with the Board a request for enlargement of time to file their Petition for Review and Supporting Brief, due to the pending Motion for Reconsideration filed with this office. Upon receipt of this filing, my office informed

the Respondents that I no longer had jurisdiction over the matter as the case was pending before the Board. Accordingly, the Respondents withdrew the appeal, and the matter has been remanded for a ruling on the pending motion for reconsideration.

The Director of the Office of Workers' Compensation Programs did not respond to the Respondents' Motion for Reconsideration before the matter was appealed to the Board. Accordingly, the Director, OWCP must file a response to the Motion for Reconsideration by close of business on **January 10, 2014.**

**SO ORDERED.**



Digitally signed by Colleen Geraghty
DN: CN=Colleen Geraghty,
OU=Administrative Law Judge, O=Office
of Administrative Law Judges, L=Boston,
S=MA, C=US
Location: Boston MA

**COLLEEN A. GERAGHTY**
Administrative Law Judge

Boston, Massachusetts

# SERVICE SHEET

Case Name: DAWLEY_KEITH_S_v_CIANBRO_CORPORATION_

Case Number: **2013LHC00498**

Document Title: **ORDER SETTING DEADLINE FOR DIRECTOR'S RESPONSE TO RESPONDENTS' MOTION FOR RECONSIDERATION**

I hereby certify that a copy of the above-referenced document was sent to the following this 23rd day of December, 2013:

 Digitally signed by IRENE CHAN
DN: CN=IRENE CHAN, OU=LEGAL
ASSISTANT, O=Office of Administrative Law
Judges, L=Boston, S=MA, C=US
Location: Boston MA

**IRENE CHAN**
LEGAL ASSISTANT

District Director
OWCP/DLHWC
JFK Federal Building
25 New Sudbury Street, Rm E-260
BOSTON MA 02203
{Hard Copy - Regular Mail}

Regional Solicitor
U. S. Department of Labor
JFK Federal Building
25 New Sudbury Street, Room E-375
BOSTON MA 02203
{Hard Copy - Regular Mail}

Gerard R Rucci, Esq
111 Huntington Street
NEW LONDON CT 06320
{Hard Copy - Regular Mail}

Keith S Dawley
20 Jeffrey Manor Road
OAKDALE CT 06370
{Hard Copy - Regular Mail}

Cianbro Corporation
40 East Dudley Town Road
BLOOMFIELD CT 06002
{Hard Copy - Regular Mail}

- -
Travelers Casualty & Surety Company
P.O. Box 22986
ROCHESTER NY 14692
{Hard Copy - Regular Mail}

Pomeranz, Drayton & Stabnick
95 Glastonbury Blvd
GLASTONBURY CT 06033
{Hard Copy - Regular Mail}

## SERVICE SHEET

Case Name:  DAWLEY_KEITH_S_v_CIANBRO_CORPORATION_

Case Number: **2013LHC00498**

Document Title: **ORDER SETTING DEADLINE FOR DIRECTOR'S RESPONSE TO RESPONDENTS' MOTION FOR RECONSIDERATION**

I hereby certify that a copy of the above-referenced document was sent to the following this 23rd day of December, 2013:

  Digitally signed by IRENE CHAN
DN: CN=IRENE CHAN, OU=LEGAL
ASSISTANT, O=Office of Administrative Law
Judges, L=Boston, S=MA, C=US
Location: Boston MA

**IRENE CHAN**
LEGAL ASSISTANT

District Director
OWCP/DLHWC
JFK Federal Building
25 New Sudbury Street, Rm E-260
BOSTON MA 02203
        *{Hard Copy - Regular Mail}*

Regional Solicitor
U. S. Department of Labor
JFK Federal Building
25 New Sudbury Street, Room E-375
BOSTON MA 02203
        *{Hard Copy - Regular Mail}*

Gerard R Rucci, Esq
111 Huntington Street
NEW LONDON CT 06320
        *{Hard Copy - Regular Mail}*

Keith S Dawley
20 Jeffrey Manor Road
OAKDALE CT 06370
        *{Hard Copy - Regular Mail}*

Cianbro Corporation
40 East Dudley Town Road
BLOOMFIELD CT 06002
        *{Hard Copy - Regular Mail}*

- -
Travelers Casualty & Surety Company
P.O. Box 22986
ROCHESTER NY 14692
        *{Hard Copy - Regular Mail}*

Pomeranz, Drayton & Stabnick
95 Glastonbury Blvd
GLASTONBURY CT 06033
        *{Hard Copy - Regular Mail}*

U.S. DEPARTMENT OF LABOR      Office of Workers' Compensation Programs
                              Longshore and Harbor Workers' Compensation
                              J.F.K Federal Building Room E-260
                              Boston, MA  02203
                              (617)624-6750
August 6, 2013

Keith S. Dawley                    File Number: 1-169788
Claimant                           Claimant: Keith S. Dawley
                                   Date of Injury: 03/18/2009
v.                                 Employer: Cianbro Corporation
                                   Carrier: Travelers Casualty
Cianbro Corporation                Carrier NO.: E2602267 F2
Employer
                                   OALJ #: 2013-LHC-00498
And

Travelers Casualty & Surety, Co.
Carrier


The enclosed Decision and Order of the Administrative Law Judge is
hereby served upon the parties to whom this letter is addressed. The
decision was based on all of the evidence of record, including
testimony taken at a formal hearing, and on the assumption that all
available evidence has been submitted.

The transcript, pleadings, and compensation order have been dated and
filed in the District Directors Office. Procedures for appealing are
described on Page 2 of this letter.

The employer/insurance carrier is hereby advised that if the order
awards compensation benefits, the filing of an appeal does not relieve
that party of the obligation of paying compensation as directed in this
order. The employer/insurance carrier is also advised that an
additional 20 percent is added to the amount of compensation due if not
paid within 10 days, notwithstanding the filing of an appeal, unless an
order staying payments has been issued by the Benefits Review Board,
U.S. Department of Labor, P. O. Box 37601, Washington, D.C. 20013-7601.


Sincerely,

David Groeneveld
District Director/LHWCA                              LS-20

Enclosure:

Page 2 of 3
File Number: 1-169788
Claimant: Keith S. Dawley


### Longshore and Harbor Workers' Compensation Act, as extended

A petition for reconsideration of a decision and order must be filed with the Office of Administrative Law Judge, who issued the original decision, within 10 days from the date the District Director files the decision and order in his/her Office.

Any notice of appeal shall be sent by mail or otherwise presented to the Clerk of the Benefits Review Board in Washington, D.C. within 30 days from the date upon which a decision and order has been filed in the Office of the District Director, or within 30 days from the date final action is taken on a timely-filed petition for reconsideration. If a timely notice of appeal is filed by a party, any other party may initiate a cross-appeal or protective appeal by filing a notice of appeal within 14 days of the date on which the first notice of appeal was filed or within the 30 day period described above, whichever period last expires. A copy shall be served upon the District Director and on all other parties by the party who files a notice of appeal. Proof of service shall be included with the notice of appeal.

The date compensation is due is the date the District Director files the Decision and Order in his/her Office.

## CERTIFICATE OF FILING AND SERVICE

I certify that on August 6, 2013, the foregoing Compensation Order was filed in the Office of the District Director, First Compensation District, and that a copy thereof was on said date by certified mail to the parties and their representatives at the last known address of each as follows:

Keith S. Dawley
20 Jeffrey Manor Road
Oakdale, CT 06370

Cianbro Corporation
40 East Dudley Town Road
Bloomfield, CT 06002

Gerard R. Rucci, Esq.
111 Huntington Street
New London, CT 06320

Pomeranz, Drayton & Stabnick
95 Glastonbury Blvd.
Glastonbury, CT 06033

Travelers Casualty & Surety Co.
P.O. Box 22986
Rochester, NY 14692

U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203


A copy of certificate of filing and service is faxed to Judge Colleen A. Geraghty, fax # 617 223-4254

David Groeneveld
District Director,
First Compensation District
U.S. Department of Labor
EMPLOYMENT STANDARDS ADMINISTRATION
Office of Workers' Compensation Programs


Employer/Carrier: Submit form LS-206/208 to indicate payment in accordance with the attached Compensation Order within 16 days of payment. Section 14 (g) of the Longshore Act provides a penalty of $110 for failure to comply.

# UNITED STATES DEPARTMENT OF LABOR
# OFFICE OF ADMINISTRATIVE LAW JUDGES
# BOSTON, MASSACHUSETTS

**Issue Date: 05 August 2013**

CASE NO.: 2013-LHC-00498
OWCP NO.: 01-169788

*In the Matter of:*

KEITH S. DAWLEY,
*Claimant,*

*v.*

CIANBRO CORPORATION,
*Employer,*

*and*

TRAVELERS CASUALTY & SURETY COMPANY,
*Carrier,*

*and*

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
*Party-in-Interest.*

## DECISION AND ORDER AWARDING BENEFITS
## AND DENYING SPECIAL FUND RELIEF

### I.    Statement of the Case

The present matter involves a claim for compensation benefits filed under the provisions of the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 901 *et seq.* (2006) (the "LHWCA"). The claim was brought by Keith Dawley ("Claimant"), against Cianbro Corporation ("Employer") and its insurance carrier Travelers Casualty & Surety ("Carrier"). An informal conference was held before the District Director, Office of Workers' Compensation Programs ("OWCP"), and a formal hearing was scheduled before the undersigned administrative law judge for May 20, 2013, in New London, Connecticut.

On May 2, 2013, the parties informed my office that they had agreed to stipulations and requested time to finalize the documents. On June 20, 2013, the Claimant and Employer filed signed stipulations upon which the claim for benefits can be resolved and an order entered. Upon review of the parties' stipulations and the evidence of record, I conclude that the Claimant is entitled to an award of compensation benefits. Accordingly, I adopt the parties' stipulations as Claimant's entitlement to compensation benefits.

The remaining issue in dispute between the Employer/Carrier and the Director of the Office of Workers' Compensation Programs is whether the Employer/Carrier is entitled to relief from liability from the Special Fund pursuant to Section 8(f) of the LHWCA. The Employer/Carrier filed an application for Special Fund relief with the Director on October 22, 2012, which was denied on November 29, 2012. On June 27, 2013, the Employer filed its brief in support of Section 8(f) relief with the undersigned. On July 15, 2013, the Director filed its brief in opposition to Section 8(f) relief. My findings of fact and conclusions of law are set forth below.

## II. Parties' Stipulations

The Claimant and Employer/Carrier have stipulated to the following facts:

(1) The Claimant suffered pulmonary injury arising out of the course of his employment manifest on March 18, 2009, and more particularly claimed chronic obstructive pulmonary disease or occupational asthma;

(2) Claimant's employment with Employer began April 2, 2007 and continues;

(3) Claimant's date of birth is October 15, 1960;

(4) The average weekly wage at the time of injury was $1,541.56 and the Claimant's current average weekly wage or earning capacity is $947.42;

(5) The Claimant reached maximum medical improvement on September 4, 2010;

(6) The Claimant has received compensation benefits of $95,509.20 (less $16,144.57 for attorney fees) for a total of $79,363.63 in benefits under the Connecticut Workers' Compensation Act for this same injury;

(7) The Claimant is entitled to permanent partial disability compensation benefits at a rate of $396.14 per week, beginning on September 4, 2010 and continuing, under Section 8(c)(21) of the LHWCA;

(8) The Employer is entitled to a credit in the amount of $79,363.63 pursuant to Section 3(e) of the LHWCA for benefits paid under the Connecticut Workers' Compensation Act for this injury; and



(9) The Employer will pay Claimant's attorney $3,973.75 in attorney fees and costs under the LHWCA.

### III. Findings of Fact and Conclusions of Law

A. Medical Evidence

The Employer has filed an application for relief from liability from the Special Fund under Section 8(f) of the LHWCA. The Director of the Office of Workers' Compensation Programs has opposed Employer's application for relief from the Special Fund.

The Claimant submitted medical records from Charter Oak Walk-In Clinic. (8(f) Application EX A). The Claimant was seen by Dr. Beason on December 1, 2006 and by Patrick Cullen P.A. on September 28, 2007 for unrelated injuries or medical conditions. The records from these visits noted existing diagnosis of extrinsic asthma and listed inhalers as an existing medication among other medications. *Id.* On November 8, 2007, the Claimant saw Dr. Welsch at Charter Oak for bronchitis with wheezing. *Id.*

He was treated for bronchitis and upper respiratory infection again on September 8 and 9, 2008. The records from these visits also note asthma as an existing diagnosis. (8(f) Application EX A). The Claimant returned to Charter Oak and saw Dr. Albrecht on September 19, 2008 when he had not improved. *Id.* Dr. Albrecht indicated at that time that the Claimant had asthmatic bronchitis, prescribed medication including another inhaler, advised the Claimant to stop smoking, and to return if not improved. *Id.* When little improvement had occurred, the Claimant returned to Dr. Albrecht on September 22, 2008. *Id.* Dr. Albrecht suspected pneumonia and ordered chest x-rays and a nebulizer. The chest x-ray noted a right lower lobe infiltrate with pleural fluid. *Id.* In addition there was a second round nodular shaped area in the right lobe about 1.3 cm between the second and third rib which bears further following. Dr. Albrecht ordered another set of x-rays in two weeks. *Id.* The Claimant was seen again on September 29, 2008, reported he was feeling better and Dr. Albrecht released him to return to work. *Id.*

Dr. Albrecht referred the Claimant to Dr. Paul Licata a pulmonary physician who saw the Claimant on October 21, 2008 for follow-up on the nodular shaped area seen on CT scan. (treatment notes from Dr. Licata provided to Director's counsel Mr. d'Entremont from Employer's counsel on May 28, 2013 pages 34/38). Dr. Licata noted the CT Pet Scan showed a probable lung malignancy and Claimant was scheduled for surgery. *Id.* Dr. Licata's note reflects Claimant was off inhalers at that point. *Id.* The pulmonary function test on March 13, 2009 indicated obstructive lung disease with improvement following use of bronchodilator. *Id.* at pg 22/38.

Medical records from Lawrence and Memorial Hospital in New London, CT reflect that surgery to remove the malignancy in the right upper lung was performed on March 20, 2009. (records provided to Director's counsel Mr. d'Entremont on May 28, 2013 pg 20/38).



Pulmonary function tests were repeated on December 3, 2009. (records provided to Director's counsel Mr. d'Entremont on May 28, 2013 pg 15/38). The test reflected obstructive lung disease and noted some improvement with use of bronchodilators. The physician review stated patient would begin use of inhaled corticosteroid and long acting bronchodilator therapy, Advair 500/50 and rescue albuterol MDI. On December 4, 2009, Dr. Licata wrote a letter to Claimant's counsel discussing the pulmonary function test and opining that Claimant's "occupational exposures could have increased his risk and predisposed him to both lung cancer and obstructive lung disease." *Id.* at pg 13/38. On October 19, 2012, Dr. Licata wrote a one sentence letter to Claimant's counsel offering his opinion that as a result of Claimant's "pre-existing lung impairment that his overall lung impairment following his work injury is materially and substantially greater than that which would have resulted from the work injury alone." (8(f) Application EX D and also records provided to Director's counsel Mr. d'Entremont on May 28, 2013, last 2 pages).

The Claimant was seen by Dr. Michael Conway for an independent medical evaluation on September 2, 2010. (8(f) Application EX C). Dr. Conway is with the Division of Pulmonary, Critical Care and Internal Medicine in Connecticut. *Id.* Dr. Conway noted Claimant had a significant history of tobacco use. *Id.* He also noted he reviewed medical records reflecting episodic visits for respiratory infections and bronchitis, as well as a pulmonary function test from August 6, 1993 indicating obstructive lung disease. *Id.* at 1. Dr. Conway noted the medical records he reviewed indicated Claimant saw Dr. Crawford in March of 2009 for the lesion in the lung. The Claimant had right upper lobectomy surgery on March 20, 2009. *Id.* at 1-2. The pathology report reveals an adenocarcinoma. *Id.* He also commented on outside opinions from Dr. Licata which indicated Claimant had moderate airway obstruction and from Dr. Pasquale who opined that the Claimant's lung cancer was unrelated to his employment and likely the result of a 29 year pack-a-day cigarette smoking habit. *Id.* at 2. Dr. Conway diagnosed chronic asthma and lung cancer among other conditions. *Id.* at 2-3. He noted that the Claimant's respiratory illness has been called chronic obstructive pulmonary disease presumably from smoking. *Id.* at 3. Dr. Conway disagreed with this diagnosis explaining that the Claimant has a normal diffusion capacity at this point, and opining that prior lower diffusion capacity results may have been a result of active infection. At any rate Dr. Conway opined that Claimant has "obstructive disease of moderate severity, [which] clearly improves with beta adrenergic therapy, and is associated with a normal diffusion capacity so this must be diagnosed asthma, not chronic obstructive pulmonary disease (COPD) or emphysema." *Id.* Thus, Dr. Conway clearly and persuasively explains his opinion that Claimant has obstructive lung disease of moderate severity, as a result of asthma and not COPD because the obstructive disease improves following beta adrenergic therapy. *Id.*

As for any causal relationship to Claimant's employment, Dr. Conway stated unequivocally that the lung cancer was the result of years of smoking and is unrelated to Claimant's employment. (8(f) Application EX C at 3). With regard to asthma, Dr. Conway opined that Claimant's asthma is non-occupational but that occupational exposures to fumes, dust, smoke or gas especially in confined spaces leads to exacerbations. Therefore, he opined that Claimant's work exposures did contribute to intermittent exacerbations of his obstructive lung disease, asthma and the Claimant has a 35% permanent impairment of the lungs. *Id.* at 3-4. However, Dr. Conway acknowledged that the "functional impairment as a result of a lobectomy

is quite variable and in…[Claimant's] case does contribute to some of the above respiratory impairment due to his asthma. It is unquantifiable and I cannot be absolutely numeric in dissecting how much of that 35% is secondary to the lobectomy, but I do feel that it is reasonable to push him into the moderate category even though by FEV1 criteria alone he doesn't fulfill the moderate severity." *Id.* Dr. Conway goes on to state "the bottom line: he does have a 35% impairment of both lungs and the whole person secondary to asthma which was exacerbated by all of his exposures at….Cianbro." *Id.*

B.    Compensation Benefits

Based upon the stipulations submitted by the Claimant and the Employer/Carrier and the findings of fact, the Claimant is entitled to compensation benefits for a permanent partial disability pursuant to 33 U.S.C. § 908(c)(21) commencing on September 4, 2010.

C.    Entitlement to Special Fund Relief

The Employer/Carrier has applied for Special Fund Relief under Section 8(f) of the Act which provides that where an employee with an existing permanent partial disability suffers a subsequent injury resulting in a permanent partial disability which is not solely attributable to the subsequent injury, and such disability is materially and substantially greater than that which would have resulted from the subsequent injury alone, an employer's liability for payment of benefits under the Act is limited to a period of 104 weeks with the remaining compensation paid by a Special Fund established pursuant to 33 U.S.C. § 944. 33 U.S.C. § 908(f)(1); *Lawson v. Suwanee Fruit & Steamship Co.*, 336 U.S. 198, 200 (1949). To avail itself of relief under this provision, an employer or insurance carrier must file an application with the District Director (formerly the Deputy Commissioner) of the Department of Labor's Office of Workers' Compensation Programs (OWCP) pursuant to Section 8(f)(3) which as amended provides:

> Any request, filed after September 28, 1984, for apportionment of liability to the special fund established under section 944 of this title for the payment of compensation benefits, and a statement of the grounds therefore, shall be presented to the deputy commissioner prior to the consideration of the claim by the deputy commissioner. Failure to present such request prior to such consideration shall be an absolute defense to the special fund's liability for the payment of any benefits in connection with such claim, unless the employer could not have reasonably anticipated the liability of the special fund prior to the issuance of a compensation order.

33 U.S.C. § 903(f)(3)

As required by the Act's implementing regulations at 29 C.F.R. § 702.321, the Employer/Carrier filed an application for liability relief from the Special Fund while the claim was pending consideration before the OWCP. The record shows that the Employer submitted a petition for Special Fund relief on October 22, 2012 while the claim was before the District Director. ALJX 1. The District Director referred the claim to OALJ noting that the District

Director denied the Employer's 8(f) application. Accordingly, the request for Section 8(f) relief was timely and I will consider the merits of the request.

In cases involving permanent partial disability, an employer must meet three requirements to avail itself of Section 8(f) relief: (1) the employee must have had a pre-existing permanent partial disability; (2) the pre-existing disability must have been manifest to the employer; and (3) the employer must show that the claimant's current permanent partial disability is "materially and substantially" greater than would have resulted from the subsequent work-related injury alone. 33 U.S.C. § 908(f)(1); *Director, OWCP v. Bath Iron Works Corp. (Johnson)*, 129 F.3d 45 (1st Cir. 1997); *Director, OWCP v. General Dynamics Corp.*, 982 F.2d 790, 793 (2d Cir. 1992); *Director, OWCP v. Luccitelli*, 964 F.2d 1303, 1305 (2d Cir. 1992) (*Luccitelli*); *Dir., OWCP v. Newport News Shipbuilding & Dry Dock*, 138 F.3d 134 (4th Cir. 1998); *Paynter v. Newport News Shipbuilding & Dry Dock Co.*, BRB No. 04-0854 (June 27, 2005)(unpub.)[1] In the context of Section 8(f) relief, a pre-existing permanent partial disability is one that would motivate a cautious employer to terminate an employee due to an enhanced risk of consequent compensation liability. *C&P Tel. Co. v. Director, OWCP (Glover)*, 564 F.2d 503, 512 (D.C. Cir. 1977).

The medical records from Charter Oak indicate the Claimant had pre-existing extrinsic asthma, an obstructive lung condition, for which he sought treatment sporadically from 2006 through 2009 when he was diagnosed with lung cancer. The Charter Oak records indicate that the Claimant was kept out of work for a brief period of time due to asthma in 2008. The Claimant was returned to his regular duties. He was prescribed inhalers but the Charter Oak records reflect that Claimant did not always use the medication as prescribed. The issue of whether Claimant had a pre-existing partial disability is a close question, but I conclude that the evidence is sufficient to establish that Claimant's extrinsic asthma was a pre-existing permanent partial disability.

These same medical records establish the requirement that the pre-existing condition be manifest to the Employer.

The third requirement that the employer show that the current disability is materially and substantially greater than would have resulted from the subsequent work injury alone is more difficult. The Employer never explicitly identifies the subsequent work injury. Em. Br. at 6-7. The Employer seems to be contending that the subsequent work injury is asthma or a work-related exacerbation of the underlying asthmatic condition.[2] *Id.* Therefore, in analyzing this issue I assume the alleged subsequent injury is a work-related aggravation or exacerbation of the underlying non-occupational asthmatic condition. Dr. Licata, the Claimant's physician is of little help to the Employer. He issued a one sentence conclusory opinion that as a result of Claimant's pre-existing lung impairment, which Dr. Licata does not identify, but which is the extrinsic

---

[1] The Director cites the framework for evaluating Section 8(f) applications in cases of permanent total disability when this matter involves permanent partial disability. Dir. Br. at 2.

[2] If the Employer meant to argue that the Claimant's lung cancer in 2009 was work related, I find the evidence fails to support a causal link between his lung cancer and his work. The Claimant has a long history of substantial tobacco use and I find that is the cause of his lung cancer not his employment.



asthma, the Claimant's overall lung impairment following his work injury is materially and substantially greater than that which would have resulted from the work injury alone.[3]  I do not credit this opinion.  Dr. Licata does not offer any explanation or rationale for his cursory statement, nor does he identify the subsequent work injury to which he refers.  Dr. Conway, the independent medical examiner, opines that the non-occupational asthma was exacerbated by all of Claimant's exposures.  This does not demonstrate that the Claimant's current permanent partial disability is materially and substantially greater than would have resulted from the subsequent work related aggravation or exacerbation of the underlying asthmatic condition.[4]  On the evidence presented, I find the Employer fails to establish entitlement to relief from liability pursuant to Section 8(f) of the Act.

D.    Medical Benefits

The stipulations by the Claimant and the Employer/Carrier are silent as to medical benefits.  Having stipulated that the Claimant is entitled to compensation benefits pursuant to Section 8(c)(21) for a work-related injury, aggravation of an asthmatic condition, the Employer shall be responsible for reasonable and necessary medical care required for the work-related asthmatic injury under Section 7 of the LHWCA.

E.    Attorney's Fees

The Claimant and Employer/Carrier have stipulated that the Employer shall pay to Claimant's attorney, fees and costs totaling $3,973.75 under Section 28(a) of the LHWCA.

**ORDER**

Based upon the Stipulations, Findings of Fact and Conclusions of Law and upon the entire record, the following order is entered:

1.  Pursuant to 33 U.S.C. § 908(c)(21), the Employer/Carrier shall pay the Claimant, Keith Dawley, permanent partial disability compensation benefits for his work-related pulmonary injury based upon 66 2/3 per centum of the difference between the Claimant's average weekly wage at the time of injury $1,541.56,  and his current wage earning capacity of $947.42 per week, (that is $396.14 per week), beginning on September 4, 2010 and continuing;

2.  The Employer/Carrier shall provide all reasonable and necessary medical care required for the treatment of the Claimant's work-related pulmonary injury;

---

[3] If Dr. Licata was referring to COPD as the work-related injury, I have credited Dr. Conway's well-reasoned opinion that the proper diagnosis based upon the pulmonary function test results and Claimant's response to beta adrenergic therapy is asthma and not COPD.

[4] Dr. Conway assessed Claimant with a 35% permanent partial impairment of the lungs.  This rating was assessed after the Claimant underwent a lobectomy removing a portion of the right lung.  One would expect some permanent impairment in pulmonary function with removal of a portion of the lung.  Dr. Conway conceded that he was unable to quantify the percentage of the 35% rating he assigned that was attributable to the lobectomy.



3. The Employer/Carrier shall pay Claimant's attorney, attorney fees and costs of $3,973.75; and

4. All computations of benefits and other calculations provided for in this Order are subject to verification and adjustment by the District Director.

**SO ORDERED.**



Digitally signed by Colleen Geraghty
DN: CN=Colleen Geraghty,
OU=Administrative Law Judge, O=Office
of Administrative Law Judges, L=Boston,
S=MA, C=US
Location: Boston MA

**COLLEEN A. GERAGHTY**
Administrative Law Judge

Boston, Massachusetts